## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CRIMINAL ACTION** |
| **v.** | ) | |
| | ) | **No. 07-20143-04-CM** |
| **JAVIER HERNANDEZ,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

### MEMORANDUM AND ORDER

This case is before the court on defendant Javier Hernandez's Motion for New Trial (Doc. 97). In January 2009, a jury convicted defendant of conspiracy to distribute and possess with intent to distribute methamphetamine and marijuana. Defendant asks the court for a new trial based on insufficient evidence to support the verdict. Specifically, defendant asks the court to consider the following facts: (1) defendant was not linked with a cell phone; (2) defendant was not found with money or linked to wire transfers; (3) defendant was not found in possession of firearms; (4) defendant was not connected to any drug transactions by investigators or found with drugs or drug paraphernalia; (5) defendant did not use aliases; (6) defendant was never identified as being at Leona Garcia's house, Taqueria Mexico, CiCi's, or the Oasis; (7) although defendant was at the car wash on September 5, 2007, investigators did not observe a drug transaction; (8) Justin Schultz—not defendant—drove the Explorer during the police chase, and police did not see anything thrown from the Explorer; and (9) defendant's fingerprints were not found on any drugs or paraphernalia, and police never submitted his fingerprint card to the government for comparison. According to defendant, the only evidence supporting his conviction was offered by Gigi Arambula, whose

testimony was largely uncorroborated, inconsistent, and motivated by her desire to receive a significantly lower sentence.

I.      **Standard of Review**

In considering a motion for new trial, the court has broad discretion that will not be disturbed on appeal absent plain abuse of that discretion. *United States v. Troutman*, 814 F.2d 1428, 1455 (10th Cir. 1987). The standards for granting a new trial are not as strict as the standards for granting judgment of acquittal. Federal Rule of Criminal Procedure 33 provides that a court may grant a new trial "if the interest of justice so requires." Additionally, any error which would require reversal on appeal is a sufficient basis for granting a new trial. *United States v. Walters*, 89 F. Supp. 2d 1206, 1213 (D. Kan. 2000) (quotation and citation omitted). The court may weigh the evidence and assess witness credibility. *United States v. Quintanilla*, 193 F.3d 1139, 1146 (10th Cir. 1999) (citation omitted). The court should grant a motion for a new trial if, "after weighing the evidence and the credibility of the witnesses, the court determines that 'the verdict is contrary to the weight of the evidence such that a miscarriage of justice may have occurred.'" *United States v. Gabaldon*, 91 F.3d 91, 93–94 (10th Cir. 1996) (quoting *United States v. Evans*, 42 F.3d 586, 593 (10th Cir. 1994). But courts disfavor new trials, *United States v. Gleeson*, 411 F.2d 1091, 1093 (10th Cir. 1969), and exercise great caution in granting them, *United States v. Sinclair*, 109 F.3d 1527, 1531 (10th Cir. 1997). The burden of proving that a new trial is warranted rests on the defendant. *Walters*, 89 F. Supp. 2d at 1213 (citations omitted).

II.     **Discussion**

Defendant focuses his motion on the absence of evidence of what are frequently indicators of drug activity—evidence such as cell phones, money, and fingerprints. Although Ms. Arambula

testified at length about defendant's involvement in the drug conspiracy, defendant discounts her testimony and asks the court to find that it was not credible and against the weight of the evidence.

The court had the opportunity to observe Ms. Arambula at trial. Her manner appeared genuine, and she testified that the government had not made her any promises and that she knew she would be charged with perjury if she lied under oath. While there was testimony indicating that she had not been truthful on other occasions, her testimony at trial was corroborated by other evidence in the record. Defendant's name was in Miguel Angel Cota-Gastelum's drug ledgers through the date of defendant's arrest. Mr. Cota-Gastelum expressed reluctance to engage in a drug deal because defendant had been arrested. Police observed defendant deliver to Mr. Cota-Gastelum the green motorcycle that Ms. Arambula identified as partial payment for her drug debt. And drugs were found in the room where defendant was hiding after police chased the Explorer.

Considering and weighing the evidence and the credibility of Ms. Arambula and other witnesses, the court determines that the verdict is not contrary to the weight of the evidence. A new trial is not warranted.

**IT IS THEREFORE ORDERED** that defendant Javier Hernandez's Motion for New Trial (Doc. 97) is denied.

Dated this 14th day of April 2009, at Kansas City, Kansas.


**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**